UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JIMMY D.,

                               **Plaintiff,**

   vs.
                                                     5:23-CV-626
                                                     (MAD/TWD)

**COMMISSIONER OF SOCIAL SECURITY,**

                              **Defendant.**
_____

**APPEARANCES:**                                      **OF COUNSEL:**

**LAW OFFICES OF STEVEN R.**          **STEVEN R. DOLSON, ESQ.**
**DOLSON, PLLC**
6320 Fly Road
Ste. 201
Syracuse, New York 13202
Attorney for Plaintiff

**SOCIAL SECURITY ADMINISTRATION**    **JASON P. PECK, ESQ.**
**OFFICE OF GENERAL COUNSEL**
6401 Security Boulevard
Baltimore, Maryland 21235
Attorney for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

# ORDER

      Plaintiff, Jimmy D., commenced this action pursuant to 42 U.S.C. § 405(g) seeking review of the decision of the Commissioner of Social Security (the "Commissioner") denying his applications for Social Security Disability Insurance Benefits and Supplemental Security Income. *See* Dkt. No. 2. In a Report and Recommendation dated September 23, 2024, Magistrate Judge Thérèse Wiley Dancks recommended that (1) Plaintiff's motion for judgment on the pleadings be granted; (2) Defendant's motion for judgment on the pleadings be denied; and (3) the

Commissioner's decision be reversed pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings.  *See* Dkt. No. 11.

Neither party filed objections to the Report and Recommendation.  When no objection is made to a report-recommendation, the Court subjects that report-recommendation to only a clear-error review.  *See Petersen v. Astrue*, 2 F. Supp. 3d 223, 229 (N.D.N.Y. 2012) (citing FED. R. CIV. P. 72(b), Advisory Committee Note: 1983).  "When performing such a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Id.* (citation omitted).  After the appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendation made by the magistrate judge."  28 U.S.C. § 636(b)(1).

The Court does not discern any clear error in the Report and Recommendation.  As Magistrate Judge Dancks found, reversal and remand are warranted because the Administrative Law Judge ("ALJ") inappropriately relied on the stale medical opinions of state agency medical consultants J. Randall, M.D., and S. Putcha, M.D., and misconstrued Plaintiff's statements about his activities of daily living ("ADL").

First, the Court agrees that the ALJ's reliance on Drs. Randall and Putcha's medical opinions requires remand because neither state agency physician reviewed medical records or testimony related to Plaintiff's visual limitations.  *See* Dkt. No. 11 at 8-9.  "By itself, '[a] gap of time between when an opinion is rendered and the disability hearing and decision does not automatically invalidate that opinion,' . . ., but a 'meaningful chan[ge]' in the plaintiff's condition during that gap will do so."  *Maxwell H. v. Comm'r of Soc. Sec.*, No. 1:19-CV-0148, 2020 WL 1187610, *5 (N.D.N.Y. Mar. 12, 2020) (quoting *Majdandzic v. Comm'r of Soc. Sec.*, No. 17-CV-1172, 2018 WL 5112273, *3 (W.D.N.Y. Oct. 19, 2018); *Lamar v. Comm'r of Soc. Sec.*, No. 18-

CV-829, 2020 WL 548376, *3 (W.D.N.Y. Feb. 4, 2020)).  For example, "[a] medical opinion may become stale 'if the claimant's condition deteriorates after the opinion is rendered and before the ALJ issues his decision.'"  *Id.* (quoting *Clute ex rel. McGuire v. Comm'r of Soc. Sec.*, No. 18-CV-30, 2018 WL 6715361, *5 (W.D.N.Y. Dec. 21, 2018)); *see also Joyce v. Comm'r of Soc. Sec.*, No. 1:20-CV-1112, 2022 WL 2662966, *4 (W.D.N.Y. July 11, 2022) ("[T]he record is clear that even though Plaintiff experienced periods of improvement of her neck, back, shoulder, and hand pain following the . . . surgery, such improvement was temporary, and, as such, should not have been solely relied on by the ALJ to determine that Plaintiff was capable of working").

As Magistrate Judge Dancks thoroughly explained, there are medical records indicating that Plaintiff's vision was worsening, which corresponds to his diabetic retinopathy diagnosis.  *See* Dkt. No. 11 at 8-9.  Remand is required for further consideration of these records compared to the medical opinions which did not consider them.

Second, as to Plaintiff's ADLs, the Court agrees with Magistrate Judge Dancks' analysis and conclusion, stating that although the ALJ appropriately considered Plaintiff's ADLs from prior to his diagnosis of diabetic retinopathy, the ALJ's decision was lacking consideration of Plaintiff's ADLs after his condition seemingly worsened.  *See* Dkt. No. 11 at 10-11; *see also Bogdan v. Kijakazi*, No. 3:20-CV-01341, 2021 WL 3486868, *7-8 (D. Conn. Aug. 9, 2021) (concluding that the ALJ erred in his interpretation of claimant's function report, mischaracterizing claimant's capabilities and stating that he continues to enjoy activities that claimant "used to" enjoy, but can no longer do).

Finally, the Court agrees that the ALJ's errors are not harmless.  *See* Dkt. No. 11 at 11-13. The purported evidence concerning Plaintiff's visual impairments does not extend beyond Plaintiff's date last insured, it is possible that a medical source has since opined on Plaintiff's

visual impairment and related limitations, and such limitations could significantly reduce the jobs available to Plaintiff.  As Magistrate Judge Dancks explained, the ALJ did not discuss whether there were any jobs available that Plaintiff could perform because she concluded that he was "not disabled." *Id.* at 13.  Therefore, Magistrate Judge Dancks correctly concluded that remand is necessary for further consideration of Plaintiff's visual limitations and how, if at all, those limitations impact the availability of jobs. *See Clark v. Saul*, 444 F. Supp. 3d 607, 621 (S.D.N.Y. 2020) ("[F]or these records to provide substantial evidence of a disability during the relevant time period, the records must actually shed light on [claimant's] condition during that period"); *Robert R. v. Comm'r of Soc. Sec.*, No. 5:19-CV-680, 2020 WL 5531551, *7 (N.D.N.Y. Sept. 15, 2020) ("[T]here was still at least one job existing in significant numbers in the national economy Plaintiff could perform, and the alleged visual limitation would not alter the ultimate disability determination").

Accordingly, after carefully reviewing the Report and Recommendation, the entire record in this matter, and the applicable law, the Court hereby

**ORDERS** that Magistrate Judge Dancks' Report and Recommendation (Dkt. No. 11) is **ADOPTED** in its entirety for the reasons set forth herein; and the Court further

**ORDERS** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 9) is **GRANTED**; and the Court further

**ORDERS** that Defendant's motion for judgment on the pleadings (Dkt. No. 10) is **DENIED**; and the Court further

**ORDERS** that the Commissioner's decision denying disability benefits is **REVERSED** and this matter is **REMANDED**, pursuant to sentence four of 42 U.S.C. § 405(g) for further

proceedings consistent with this Order and Magistrate Judge Dancks' Report and Recommendation; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Plaintiff's favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: August 8, 2024
      Albany, New York

_/s/ Mae A. D'Agostino_
Mae A. D'Agostino
U.S. District Judge